**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                         Case No. 08-Cr-333

STEVEN IVORY and
SHAWN LEWIS,

    Defendants.

## **DECISION AND ORDER**

      On December 16, 2008, a federal grand jury sitting in this district returned a one-count indictment against defendants Steven Ivory and Shawn Lewis charging them with conspiring to distribute and possess with intent to distribute a controlled substance, namely 5 kilograms or more of a mixture and substance containing cocaine and 50 grams or more of a mixture and substance containing cocaine base in the form of crack cocaine, both Schedule II controlled substances, all in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846.

      On December 16, 2008, defendant Ivory appeared before United States Magistrate Judge William E. Callahan, Jr. for arraignment, entering a plea of not guilty. On December 17, 2008, defendant Lewis appeared before Judge Callahan for arraignment and entered a not guilty plea to the charges.

      Pursuant to the pretrial scheduling order issued at that time, defendant Lewis filed a motion for a Santiago[1] hearing and for a pretrial ruling concerning alleged co-conspirator

---

[1] United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978).

statements (Docket #21), a motion for disclosure of reports of informants' arrests and cooperation and full debriefing statements (Docket #23), and a motion to compel disclosure of confidential informants. (Docket #24). He has also filed a "request" for pretrial notice of the government's intent to use evidence of other crimes or bad acts. (Docket #22).

Defendant Ivory filed a motion for a hearing regarding <u>Santiago</u> issues (Docket #30), a motion for disclosure of other acts' evidence (Docket #31) and a motion to sever defendants for trial. (Docket #32). These motions (and defendant Lewis' "request") will be addressed herein. Defendant Lewis also has filed a "notice of request for exculpatory information" which is not filed as a motion. In fact, defendant Lewis states that the notice was filed "in the event a dispute develops later between the parties over the government's compliance with its duty." (Defendant Lewis' Notice of Request for Exculpatory Information at 1). There is no indication that the government will not comply with its duty to disclose exculpatory information. Defendant Lewis also filed a notice of discovery request which need not be addressed by the court. <u>See</u> Defendant Lewis' Notice of Discovery Request at 1.

The court notes that defendant Ivory filed a motion to file his pretrial motions instanter which was granted by the court in a margin order on January 9, 2009. Defendant Ivory's motion for discovery was one of the motions filed instanter. On January 9, 2009, the court issued an order denying defendant Ivory's motion for discovery for failure to comply with Criminal Local Rule 16.1 (E.D. Wis.). Therefore, although the government has addressed the substance of defendant Ivory's motion in its response, this motion has already been decided and need not be addressed.

- 2 -

## **DEFENDANTS' MOTIONS FOR SANTIAGO HEARING**

Both defendants seek a pretrial hearing to determine the admissibility of co-conspirators' statements pursuant to Fed. R. Evid. 801(d)(2)(E). The government opposes the motion, noting that it has not yet determined which co-conspirator statements, if any, it will use at trial so that the defendant's request is premature.

In United States v. Santiago, 582 F.2d 1128 (7th Cir. 1978), the Court of Appeals for the Seventh Circuit held this issue may be resolved at trial. In cases following Santiago, the court identified several options available to the district court to determine the admissibility of Santiago evidence. The court may: "(1) make a preliminary determination based on the government's proffer of evidence, (2) rule on each statement as elicited at trial based on the evidence available at that point, (3) conditionally admit the evidence without a proffer subject to eventual supporting evidence sometime at trial (risking, of course, a possible mistrial), or (4) [hold] a 'full-blown' pre-trial hearing to consider all the evidence and make a decision." United States v. Hunt, 272 F.3d 488, 494 (7th Cir. 2001); see also, United States v. McClellan, 165 F.3d 535, 553-54 (1999); United States v. Andrus, 775 F.2d 825, 835-87 (7th Cir. 1985). However, the court has discouraged a full-blown pretrial hearing as "inefficient and potentially duplicative." Hunt, 272 F.3d at 494.

Subsequent cases have continued to approve of the practice of resolving the admissibility of co-conspirator statements at trial. United States v. Bolivar, 532 F.3d 599, 605 (7th Cir. 2008) (The court can admit proffered co-conspirator statements without demanding pretrial disclosure of the government's intended evidence "as long as the statements are admitted conditionally subject to the government eventually establishing the underlying conspiracy by a preponderance."); Hunt, 272 F.3d at 494; McClellan, 165 F. 3d at 553. This

practice has been uniformly adopted in this district. See, e.g., United States v. Morken, No. 95-Cr-178, slip op. at 36-37 (E.D. Wis. April 20, 1996); United States v. Nevarez-Diaz, No. 97-Cr-211, slip op. at 14-15 (E.D. Wis. Dec. 20, 1997); see also, United States v. Rodriguez, 975 F.2d 404, 409-10 (7th Cir. 1992). Accordingly, the defendants' motions will be denied as premature.

### DEFENDANT LEWIS' MOTION FOR DISCLOSURE OF REPORTS OF INFORMANTS' ARRESTS AND COOPERATION, AND THE FULL DEBRIEFING STATEMENTS OF THE INFORMANTS

Defendant Lewis seeks an order compelling the government to disclose the reports related to the arrest of the informants, reports of cooperation provided by the informants against persons other than him and the complete debriefing reports of each of the informants.

In its response, the government asserts that it is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963), Kyles v. Whitley, 514 U.S. 419 (1995) and Giglio v. United States, 405 U.S. 150 (1972). The government states that it is following its open file policy and has and will continue to disclose all exculpatory and impeachment material to the defendants. The government also asserts that it will provide on an ongoing basis any agreements between the government and government witnesses  The government also will turn over the prior criminal convictions of its witnesses and make inquiries about other impeachment material. Similarly, the government will turn over all statements of promises, rewards, inducements or other consideration for any testifying witnesses.

The government states that some of information requested by the defendant is overly broad and will not be disclosed. The government asserts that it will not search the files of other government agencies that have no involvement in the investigation or prosecution of this case, since such action is not required by Kyles.

- 4 -

Case 2:08-cr-00333-CNC   Filed 02/18/09   Page 4 of 15   Document 47

In sum, the government has stated that it will disclose all information required by Brady and its progeny. Most of defendant Lewis' motion centers on disclosure of exculpatory and impeachment evidence which the government has or will disclose. To the extent defendant Lewis seeks more expansive information, he has not presented authority for such disclosures. Therefore, defendant Lewis' motion will be denied.

### DEFENDANT LEWIS' MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMANTS

Defendant Lewis seeks an order compelling the government to disclose the identity, address, date of birth and location of all unnamed or confidential informants and witnesses relied upon or otherwise employed by government or its agents in its investigation and prosecution of him. Defendant Lewis asserts that, according to the discovery materials provided so far, it appears that certain confidential informants are transactional witnesses who allegedly were involved and present during drug transactions with him.

The government states that defendant Lewis has not shown that a particular informant's testimony is material to the defense and, therefore, his motion to disclose the identity of any confidential informants should be denied. The government also states that it will disclose the identities of all confidential informants it intends to call as witnesses in its case-in-chief 30 days prior to trial. The government also will disclose all Giglio material, including any proffer agreements and considerations when the informants' identities are disclosed.

It is well-established that the government has a limited privilege to withhold the identity of a confidential informant from a criminal defendant. Roviaro v. United States, 353 U.S. 53 (1957). In Roviaro, 353 U.S. at 55, the Supreme Court held that the government's refusal to provide the defendant with the name of a confidential informant who "had taken a material part

- 5 -

in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged" infringed the defendant's right to due process of law. The court explained: "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59.

This privilege gives way, however, if the defendant proves that the disclosure of the informant's identity "is relevant and helpful" to his defense "or is essential to a fair determination of a cause." Id. at 60-61; United States v. Jefferson, 252 F.3d 937, 941 (7th Cir. 2001). To determine whether the government is required to disclose an informant's identity, the court must balance and decide "the public interest in protecting the flow of information against the individual's right to prepare his defense." United States v. Harris, 531 F.3d 507, 514 (7th Cir. 2008) (quoting Roviaro, 353 U.S. at 62). While a defendant can overcome the confidential informant privilege by demonstrating a need for the information, he bears this burden in the face of the assumption that the privilege should apply. United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994); see also, Jefferson, 252 F.3d at 941.

In Jefferson, 252 F. 3d at 939, an application for a search warrant was obtained based in part on a statement from a confidential informant who had made three drug buys from a residence within a ten-day period just prior to the application. The informant had been at the scene five minutes before the execution of the warrant. The court noted that the charges against Jefferson were based on the defendant's statements and on evidence obtained during

- 6 -

the execution of the search warrant, not on any activity that the confidential informant had witnessed. The court observed that the informant was not present when the search was conducted or statements made. The court concluded that the informant was a "mere 'tipster'" and that the informant's identity was not subject to disclosure. Id. at 942.

In United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993), the court addressed the issue of whether the identity of an informant was subject to disclosure. The court compared the role of the informant to that of the informant in Roviaro where the government's limited privilege to withhold the identity of the informant "gave way." Id. The court noted that in Roviaro, the informant "'had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged.'" Id. (quoting Roviaro, 353 U.S. at 55). The court observed that in contrast to the informant in Roviaro, the informant was not a transactional witness, namely, the informant was not an active participant in the investigation leading to the arrest. Rather, the informant was a "tipster" who supplied information to the police which led to the acquisition of a search warrant and to the search of the residence in issue. The court further noted that the informant had never dealt with the defendant, had no role in the search of the residence and the criminal activity the informant had witnessed did not constitute the charges against the defendants in that case.

In this case, based on information in the witnesses' debriefings provided by the government, defendant Lewis lists ten confidential informants, several of whom allegedly purchased cocaine from him during the past several years. Two of the listed informants allegedly were present when defendant Lewis sold drugs to other individuals and one

- 7 -

informant reported that defendant Lewis provided cocaine to named individuals, but it is unclear whether this informant witnessed such alleged transactions.

Although the government states that it will disclose the identity of testifying informants, it asserts that defendant Lewis has not shown that a particular informant's testimony is material to his defense. As noted, the information provided by defendant Lewis indicates that some of the confidential informants may have been witnesses to transactions which form the basis for the conspiracy charge against the defendants and were not mere "tipsters." However, the government did not specifically address the individual informants listed by defendant Lewis. To the extent such witnesses are transactional witnesses who were involved with defendant Lewis in the charged offense, such witnesses would be material to his defense. See Roviaro, 353 U.S. at 55. It appears that some of the confidential informants listed by defendant Lewis may meet the Roviaro criteria and, therefore, their identities would be subject to disclosure, even if the government will not be calling them as witnesses in its case in chief. Roviaro does not require disclosure of a confidential informant only if the informant will be a witness for the government at trial.

The court is cognizant of its responsibilities to balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62. The court has considered the parties' arguments, the particular circumstances of this case, including the crime charged, the possible significance of the informants' testimony, as well as other relevant factors. Based upon such considerations, the court concludes that any confidential informant listed by defendant Lewis who was involved with dealing cocaine or crack cocaine with defendant Lewis and was present at transactions forming a basis for the offense charged in the indictment in all likelihood is a material witness. Therefore, the identity

of such transactional witnesses are subject to disclosure, whether or not the government plans to call such witness to testify at trial. Given the current trial date, the government must make such disclosures promptly. Regarding the disclosure of the addresses of the informants, defendant Lewis has not provided sufficient basis for disclosure of such addresses in light of the government's concern about the safety of the informants. See, e.g., United States v. Caldarazzo, 444 F.2d 1046, 1050 (7th Cir. 1971).

Accordingly, defendant Lewis' motion for disclosure of the identity of confidential informants will be granted for those informants meeting the criteria established in Roviaro as described herein. The identities of the informants who were not transactional witnesses, but merely tipsters need not be disclosed. Thus, defendant Lewis' motion for disclosure of confidential informants will be granted in part and denied in part.

## DEFENDANT IVORY'S MOTION TO COMPEL PRETRIAL DISCLOSURE OF INTENT TO USE OTHER CRIMES, WRONGS OR ACTS' EVIDENCE

Defendant Ivory seeks pretrial disclosure of other crimes, wrongs and acts' evidence pursuant to Fed. R. Evid. 404(b). Defendant Lewis has filed a "request" for other acts evidence, including, for example, detailed information about witnesses to such prior bad acts, a summary or verbatim account of statements alleged to have been made by the defendant during the commission of the alleged bad acts, and a copy of police reports and other written material relating to the bad acts. (Docket # 22).

"Other acts" evidence is admissible if: "1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; 2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; 3) the evidence is sufficient to support a jury finding that the defendant

committed the similar act; 4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." United States v. O'Brien, 119 F.3d 523, 529 (7th Cir. 1997); United States v. Yusufu, 63 F.3d 505, 511 (7th Cir. 1995); see also, United States v. Smith, 103 F.3d 600, 603 (7th Cir. 1996).

Notice of intention to use such evidence must be provided regardless of whether the government intends to use the evidence during its case-in-chief at trial, for impeachment or for possible rebuttal. See Advisory Committee Notes, 1991 Amendments to Rule 404(b). The rule makes no provision for the timing of the notice. Rather, the rule provides that the government "shall provide reasonable notice in advance of trial." Fed. R. Evid. 404(b). What constitutes reasonable notice will depend largely on the circumstances of each case. See Advisory Committee Notes, 1991 Amendments to Rule 404(b).

In this case, the government has stated that it would "provide within thirty days prior to trial notice of the government's intent to introduce evidence of other crimes, wrongs or acts which fall within the scope of Rule 404(b). (Government's Consolidated Response to Defendant's Pretrial Motions [Government's Response] at 5). Accordingly, given the government's representations, the defendant Ivory's motion and defendant Lewis' request for Rule 404(b) evidence will be denied as moot.

### **DEFENDANT IVORY'S MOTION FOR SEVERANCE**

Defendant Ivory has moved to sever his trial from his co-defendant, Shawn Lewis, pursuant to Fed. R. Crim. P. 14. He asserts that the great weight of the proposed evidence at trial only will involve his co-defendant and that this gross disparity in evidence is prejudicial to him. He also maintains that this evidentiary spillover will prevent him from obtaining a fair trial. Finally, he states that a separate trial "is also required to prevent introduction of evidence

against [him] that he would be unable to confront at a joint trial." (Defendant Steve H. Ivory's Motion to Sever Defendant's for Trial at 2). He asserts that the complaint and the discovery materials thus far concern events and conversations by other alleged co-conspirators, known and unknown, and others. The government opposes the motion.

When defendants have been properly joined under Rule 8(b), the court "should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). It is well-settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials. Id. at 540. A defendant must show that denial of severance caused him actual prejudice that deprived him of his right to a fair trial. United States v. Rollins, 301 F.3d 511, 518 (7th Cir. 2002) (citations omitted). Furthermore, there is a strong preference for a single trial with co-defendants who have been jointly indicted. United States v. Souffront, 338 F.3d 809, 828 (7th Cir. 2003).

Rule 14(a) of the Federal Rules of Criminal Procedure provides:

> If joinder of offenses or defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

However, "Rule 14 does not require severance, even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Souffront, 338 F.3d at 828 (quoting Zafiro, 506 U.S. at 538-39).

A decision to grant or deny a motion for severance under Rule 14 will only be reversed for an abuse of discretion. United States v. Hogan, 886 F.2d 1497, 1506 (7th Cir. 1989). The

- 11 -

reason for such deference is that, where joinder is proper under Fed. R. Crim. P. 8, there are substantial economies to be gained from a joint trial. United States v. Velasquez, 772 F.2d 1348, 1353 (7th Cir. 1985). The general policy is that persons jointly indicted be tried together, especially in conspiracy cases. United States v. Peters, 791 F.2d 1270, 1301 (7th Cir. 1986); United States v. Giangrosso, 779 F.2d 376, 379 (7th Cir. 1985). A joint trial of co-conspirators is presumptively appropriate. United States v. Caliendo, 910 F.2d 429, 437 (7th Cir. 1990). However, the public interest in having joint conspiracy trials does not override the need to ensure defendants a fair trial. Peters, 791 F.2d at 1302.

In deciding a motion for severance, the court should balance the interests of the defendant in severance against the government's interest in judicial economy. United States v. Rivera, 825 F.2d 152, 159 (7th Cir. 1987). The "danger of prejudice to the least guilty, or perhaps prejudice to all from the sheer confusion of a multi-defendant trial, is in all but the most unusual circumstances considered outweighed by the economies of a single trial in which all facts of the crime can be explored once and for all." United States v. Shorter, 54 F.3d 1248, 1258 n.21 (7th Cir. 1995); Velasquez, 772 F.2d at 1352.

The Court of Appeals for the Seventh Circuit has outlined four settings in which actual prejudice might result from a denial of a motion for severance: "(1) conflicting and irreconcilable defenses; (2) a massive and complex amount of evidence that makes it almost impossible for the jury to separate evidence as to each defendant; (3) a co-defendant's statement that incriminates the defendant; and (4) a gross disparity of evidence between the defendants." United States v. Clark, 989 F.2d 1490, 1499 (7th Cir. 1993); United States v. Oglesby, 764 F.2d 1273, 1276 (7th Cir. 1985).

- 12 -

Defendant Ivory cites the disparity of evidence and resultant evidentiary spillover as grounds for severance. Assuming the validity of defendant Ivory's contentions, to succeed on a claim of prejudice due to disparities in the evidence, a criminal defendant must rebut the presumptions that a jury will: 1) capably sort through the evidence and 2) follow instructions from the court to consider each defendant separately. United States v. Edwards, 36 F.3d 639, 647 (7th Cir. 1994) United States v. Lopez, 6 F.3d 1281, 1286 (7th Cir. 1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." Lopez, 6 F.3d at 1286 (citing United States v. Doerr, 886 F.2d 944, 972 [7th Cir. 1989]). Moreover, "a simple 'disparity in the evidence' will not suffice to support a motion for severance – i.e. it does not independently establish 'actual prejudice.'" Caliendo, 910 F.2d at 438.

The general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. United States v. Papia, 560 F.2d 827, 837 (7th Cir. 1977). The court generally handles differing evidence between defendants through limiting instructions. See United States v. Arvanitis, 676 F.Supp. 840, 847 (N.D. Ill. 1997) ("The question of whether a trial of multiple defendants tried simultaneously infringes upon a defendant's right to a fair trial depends on whether it is within the jury's capacity in the particular fact situation to follow admonitory instructions and to keep, separate, collate and appraise the evidence relevant to each defendant."). It is generally presumed that a jury "will (1) capably sort through the evidence and (2) follow limiting instructions from the court to consider each defendant separately." United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995) (quoting Lopez 6 F.3d at 1286).

Here, the defendants are charged with conspiracy to distribute cocaine and crack cocaine. A joint trial of co-conspirators is presumptively appropriate. Caliendo, 910 F.2d at 437. There is no indication that the jury would have difficulty following the court instruction to consider the evidence as to each defendant separately. See Stillo, 56 F.3d at 557. Therefore, defendant Ivory's motion for severance will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that defendant Shawn Lewis' motion for Santiago hearing and for a pretrial ruling concerning alleged co-conspirator statements be and hereby is **denied**. (Docket #21).

**IT IS FURTHER ORDERED** that defendant Shawn Lewis' request for pretrial notice of the government's intent to use evidence of other crimes or bad acts be and hereby is **denied as moot**. (Docket #22).

**IT IS ALSO ORDERED** that defendant Shawn Lewis' motion for disclosure of reports of informants' arrests and cooperation, and the full debriefing statements of the informants be and hereby is **denied**. (Docket #23).

**IT IS FURTHER ORDERED** that defendant Shawn Lewis' motion to compel disclosure of confidential informants be and hereby is **granted in part and denied in part**. (Docket #24).

**IT IS FURTHER ORDERED** that defendant Steven Ivory's motion for a hearing regarding Santiago issues be and hereby is **denied**. (Docket # 30).

**IT IS ALSO ORDERED** that defendant Steven Ivory's motion to compel pretrial disclosure of other acts' evidence be and hereby is **denied**. (Docket # 31).

**IT IS FURTHER ORDERED** that defendant Steven Ivory's motion to sever defendants for trial be and hereby is **denied**. (Docket # 32).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General L. R. 72.3 (E.D. Wis.), whereby written objection to any order herein or part thereof may be filed within ten days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin, this 18th day of February, 2009.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge